# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOELIA BERNARDINA CANDELARIA, | ECF CASE |
| Plaintiff, | CASE NO.: 1:24-CV-2164 |
| vs. | **AMENDED COMPLAINT** |
| VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO, WELLS FARGO & COMPANY, and SERVPRO COMMERCIAL LLC, | **JURY TRIAL DEMANDED** |
| Defendants, | |

Plaintiff, **NOELIA BERNARDINA CANDELARIA**, by and through her attorneys, LIAKAS LAW, P.C., complaining of the Defendants herein, respectfully shows to this court and alleges as follows:

## JURISDICTION, VENUE and PARTIES

1. That at all relevant times hereinafter mentioned, the Plaintiff, **NOELIA BERNARDINA CANDELARIA**, was and still is a resident of the County of Bronx, State of New York.

2. That the causes of action brought herein arise as a result of a slip and fall, due to a wet, slippery and/or otherwise defective condition at the premises located at 133 N Main St, in the County of Westchester, State of New York.

3. Jurisdiction of this Court is founded upon 28 USC §§ 1331, 1339, 1346 and 1367, 28 USC § 2671 *et seq.*, and 39 USC § 1409.

4. Venue is properly laid within the United States District Court for the Southern District.

1

5. That Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, is a domestic business corporation, incorporated in the State of New York, County of Westchester, organized and existing under the laws of the State of New York.

6. That Defendant **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO,** is an appropriate party to the action through operation of New York State substantive law and subject to the Court's ancillary and/or pendent jurisdiction.

7. That Defendant, **WELLS FARGO & COMPANY**, is a domestic business corporation, incorporated in the State of New York, County of Westchester, organized and existing under the laws of the State of New York.

8. That Defendant **WELLS FARGO & COMPANY** is an appropriate party to the action through operation of New York State substantive law and subject to the Court's ancillary and/or pendent jurisdiction.

9. That Defendant, **SERVPRO COMMERCIAL LLC**, is a domestic business corporation, incorporated in the State of Tennessee, County of Gallatin, organized and existing under the laws of the State of New York.

10. That Defendant, **SERVPRO COMMERCIAL LLC**, is an appropriate party to the action through operation of New York State substantive law and subject to the Court's ancillary and/or pendent jurisdiction.

11. This action is brought pursuant to, *inter alia*, the Federal Tort Claims Act, 28 USC § 1346(b), 28 USC § 2671, *et seq*. and 39 USC § 409.

12. Plaintiff has been damaged in an amount greater than seventy-five thousand dollars ($75,000.00).

## AS AND FOR A CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

13. Plaintiff repeats, reiterates and realleges, each and every allegation in those paragraphs marked "1" through "12" inclusive with the same force and effect as if hereinafter more fully set forth.

14. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, owned the premises, located at 133 N Main Street, County of Westchester, State of New York.

15. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, was the lessor of the premises, located at 133 N Main Street, County of Westchester, State of New York.

16. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, was the lessee of the premises, located at 133 N Main Street, County of Westchester, State of New York.

17. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees managed the premises, located at 133 N Main Street, County of Westchester, State of New York.

18. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees operated the premises, located at 133 N Main Street, County of Westchester, State of New York.

19. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and

Defendant's servants, agents and/or employees maintained the premises, located at 133 N Main Street, County of Westchester, State of New York.

20. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees controlled the premises, located at 133 N Main Street, County of Westchester, State of New York.

21. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees supervised the premises, located at 133 N Main Street, County of Westchester, State of New York.

22. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents, and/or employees inspected the premises, located at 133 N Main Street, County of Westchester, State of New York.

23. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees repaired the premises, located at 133 N Main Street, County of Westchester, State of New York.

24. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees designed the premises, located at 133 N Main Street, County of Westchester, State of New York.

25. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees renovated the premises, located at 133 N Main Street, County of Westchester, State of New York.

26. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees constructed the premises, located at 133 N Main Street, County of Westchester, State of New York.

27. That at all the times hereinafter alleged, and upon information and belief, it was the duty of Defendant, **VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO**, and Defendant's servants, agents and/or employees to maintain said premises, located at 133 N Main Street, County of Westchester, State of New York, in a reasonably safe and suitable condition.

28. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, owned the premises, located at 133 N Main Street, County of Westchester, State of New York.

29. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, was the lessor of the premises, located at 133 N Main Street, County of Westchester, State of New York.

30. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, was the lessee of the premises, located at 133 N Main Street, County of Westchester, State of New York.

31.     That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees managed the premises, located at 133 N Main Street, County of Westchester, State of New York.

32.     That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees operated the premises, located at 133 N Main Street, County of Westchester, State of New York.

33.     That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees maintained the premises, located at 133 N Main Street, County of Westchester, State of New York.

34.     That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees controlled the premises, located at 133 N Main Street, County of Westchester, State of New York.

35.     That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees supervised the premises, located at 133 N Main Street, County of Westchester, State of New York.

36.     That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents, and/or

employees inspected the premises, located at 133 N Main Street, County of Westchester, State of New York.

37. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees repaired the premises, located at 133 N Main Street, County of Westchester, State of New York.

38. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees designed the premises, located at 133 N Main Street, County of Westchester, State of New York.

39. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees renovated the premises, located at 133 N Main Street, County of Westchester, State of New York.

40. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees constructed the premises, located at 133 N Main Street, County of Westchester, State of New York.

41. That at all the times hereinafter alleged, and upon information and belief, it was the duty of Defendant, **WELLS FARGO & COMPANY**, and Defendant's servants, agents and/or employees to maintain said premises, located at 133 N Main Street, County of Westchester, State of New York, in a reasonably safe and suitable condition.

42. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, owned the premises, located at 133 N Main Street, County of Westchester, State of New York.

43. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, was the lessor of the premises, located at 133 N Main Street, County of Westchester, State of New York.

44. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, was the lessee of the premises, located at 133 N Main Street, County of Westchester, State of New York.

45. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees managed the premises, located at 133 N Main Street, County of Westchester, State of New York.

46. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees operated the premises, located at 133 N Main Street, County of Westchester, State of New York.

47. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees maintained the premises, located at 133 N Main Street, County of Westchester, State of New York.

48. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or

employees controlled the premises, located at 133 N Main Street, County of Westchester, State of New York.

49. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees supervised the premises, located at 133 N Main Street, County of Westchester, State of New York.

50. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents, and/or employees inspected the premises, located at 133 N Main Street, County of Westchester, State of New York.

51. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees repaired the premises, located at 133 N Main Street, County of Westchester, State of New York.

52. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees designed the premises, located at 133 N Main Street, County of Westchester, State of New York.

53. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees renovated the premises, located at 133 N Main Street, County of Westchester, State of New York.

54. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees constructed the premises, located at 133 N Main Street, County of Westchester, State of New York.

55. That at all the times hereinafter alleged, and upon information and belief, it was the duty of Defendant, **SERVPRO COMMERCIAL LLC**, and Defendant's servants, agents and/or employees to maintain said premises, located at 133 N Main Street, County of Westchester, State of New York, in a reasonably safe and suitable condition.

56. That on September 08, 2021, and at all times hereinafter mentioned, Plaintiff was lawfully on, at, near, upon, or about the aforementioned premises, located at 133 N Main Street, County of Westchester, State of New York.

57. That on or about September 08, 2021, Plaintiff, **NOELIA BERNARDINA CANDELARIA**, was caused to be seriously injured when she was caused to slip and fall due to a wet, slippery and/or otherwise defective condition at the aforesaid premises, located at 133 N Main Street, County of Westchester, State of New York.

58. That this occurrence was caused by reason of the negligence, carelessness and recklessness of the Defendants, and/or Defendants' agents, servants and/or employees, in the ownership, management, maintenance, supervision, inspection, repair, control, design and construction of the aforesaid premises, located at 133 N Main Street, in the County of Westchester, State of New York, and in creating said dangerous, defective and hazardous condition.

59. That Defendants, herein, were negligent, reckless and careless in that they violated and breached their duties to persons at the aforesaid premises, and particularly to this Plaintiff, **NOELIA BERNARDINA CANDELARIA**, by knowingly permitting and allowing a dangerous,

trap-like condition to be present at the aforesaid premises, by permitting and allowing the aforesaid premises to be, become and remain in a defective and unsafe condition, and were further negligent in failing to take suitable precautions for the safety of persons lawfully at the aforesaid premises.

60. That the aforesaid accident and the injuries resulting therefrom were due, solely and wholly, as the result of the careless and negligent manner in which the Defendants owned, managed, maintained, controlled, supervised, inspected, repaired, designed and constructed the aforesaid premises, without the Plaintiff contributing in any way thereto.

61. The limited liability provisions of CPLR 1601 do not apply pursuant to one or more exceptions of NYCPLR § 1602.

62. That the Defendants, their agents, servants, contractors and/or employees had actual and/or constructive notice of the dangerous and defective condition in that the condition existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the Defendants could have and should have had knowledge and notice thereof.

63. That the Defendants, their agents, servants, contractors and/or employees caused, created, and/or contributed to the dangerous and unsafe condition, which caused Plaintiff to slip and fall.

64. That by reason of the foregoing and the negligence of the Defendants, the Plaintiff, **NOELIA BERNARDINA CANDELARIA**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

65. That by reason of the foregoing, Plaintiff, **NOELIA BERNARDINA CANDELARIA**, was damaged in an amount which exceeds the monetary jurisdictional limits of

any and all lower or coordinate Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

WHEREFORE, **Plaintiff,** NOELIA BERNARDINA CANDELARIA, demands judgment against the Defendants as follows: an amount which exceeds the monetary jurisdictional limits of any and all lower or coordinate Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with the costs and disbursements of this action, and for such other and further relief in favor of the Plaintiff as this Court may deem just and proper.

Dated: June 24, 2024
    New York, New York

                           Yours, etc.,

                           LIAKAS LAW, P.C.

                           By: Stephen Liakas, Esq.
                           40 Wall Street, 50th Floor
                           New York, New York 10005
                           (212) 937-7765
                           *Attorneys for Plaintiff*
                           *NOELIA BERNARDINA CANDELARIA*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b)(1) and 38 (c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       June 24, 2024

                                   Respectfully,

                                   LIAKAS LAW, P.C.
                                   *Attorneys for Plaintiff*

                                   By: Stephen Liakas, Esq.
                                   40 Wall Street, 50th Floor
                                   New York, New York 10005
                                   (212) 937-7765