USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/14/25__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOELIA BERNARDINA CANDELARIA,

    Plaintiff,

-against-

VILLAGE SAVINGS BANK WACOVIA BANK WELLS FARGO, et al.,

    Defendants.

24-CV-02164 (JHR) (BCM)

**ORDER MODIFYING MEDIATION REFERRAL**

**BARBARA MOSES, United States Magistrate Judge.**

On January 30, 2025, the Court referred this action to the Court-annexed Mediation Program. (Dkt. 41.) By letter-motion dated March 7, 2025, defendant Well Fargo Bank, N.A. (sued as "Village Savings Bank Wacovia Bank Wells Fargo") and defendant Wells Fargo & Company ask the Court to excuse them from participating in the mediation, on the grounds that (i) Wells Fargo Bank, N.A was plaintiff's employer at the time of the workplace slip-and-fall injury underlying this action, such that plaintiff's exclusive remedy against it was under the Workers' Compensation Law, *see* N.Y. Workers' Comp. Law § 11; and (ii) Wells Fargo & Company owes no duty to plaintiff because it is simply the "parent company of Wells Fargo Bank, N.A.," and never owned the premises where the injury occurred. (Dkt. 43 at 1.)

In her responding letter, dated March 12, 2025, plaintiff argues that defendant Wells Fargo & Company should attend the mediation because it "previously owned the subject premises." (Dkt. 47 at 1.) In their reply letter, dated March 12, 2025, the Wells Fargo defendants point out that on February 18, 2025, they provided plaintiff with the deeds to the subject premises dating back to 1925 (*see* Dkt. 43-2), and that those deeds do not reflect any ownership by Wells Fargo & Company. (Dkt. 48.)

The Court notes that in her Second Amended Complaint – filed on March 13, 2025, approximately four weeks after the property deeds were produced – plaintiff continues to allege

that at all relevant times Wells Fargo & Company "owned the premises, located at 133 N Main Street, County of Westchester, State of New York." (Dkt. 49 ¶ 32.) She also alleges that, at all relevant times, Wells Fargo & Company "was the lessor" of the premises, "was the lessee" of the premises, "managed" the premises, "operated" the premises; "maintained" the premises, "controlled" the premises, "supervised" the premises, "inspected" the premises, "repaired" the premises, "designed" the premises, "renovated" the premises, and "constructed" the premises. (*Id*. ¶¶ 33-44.) Plaintiff makes identical allegations against Wells Fargo Bank, N.A. (which she continues to identify as "Village Savings Bank Wacovia Bank Wells Fargo"), without mentioning that Wells Fargo Bank, N.A. was her employer at the time of her injury, and that her Workers' Compensation claim against Wells Fargo Bank, N.A. was successful. (*Id*. ¶¶ 18-31.)

Plaintiff is reminded that her pleadings are governed by Rule 11, which states, in pertinent part, that by signing or otherwise presenting a pleading or other paper to the Court, an attorney "certifies that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims set forth therein "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and the "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2)-(3).

Mediation can be an extremely effective mechanism for promoting early settlement between parties who are interested in – or at least open to – early settlement. However, it is unlikely to be productive where one of the parties is *uninterested* in early settlement, such as, for example, where that party is confident that the claims against it will be dismissed on motion. Here, both of the Wells Fargo defendants are uninterested in early settlement. Moreover, plaintiff

appears to concede that Wells Fargo, N.A. cannot be sued in tort for her workplace injury, and the documentary evidence placed before the Court appears to undermine plaintiff's allegation that Wells Fargo & Company previously owned the premises where plaintiff was injured. Consequently, both of the Wells Fargo defendants are excused, at this time, from participating in the upcoming mediation. The Clerk of Court is respectfully directed to close Dkt. 43.

Dated: New York, New York  **SO ORDERED**.
March 14, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**