UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/5/25__

NOELIA BERNARDINA CANDELARIA,

Plaintiff,

-against-

SERVPRO COMMERCIAL LLC, et al.,

Defendants.

24-CV-02164 (JHR) (BCM)

**ORDER REMANDING CASE**

**BARBARA MOSES, United States Magistrate Judge.**

Now before me is plaintiff's letter-motion (Pl. Mot.) (Dkt. 144) requesting that this personal injury action, which is before me on consent of the parties (*see* Dkt. 143), be remanded to state court pursuant to 28 U.S.C. § 1447(c). For the reasons that follow, the motion will be granted and the case will be remanded to the Supreme Court of the State of New York, Bronx County.

## Background

On September 8, 2021, plaintiff Noelia Bernardina Candelaria slipped and fell at her workplace, which was a Wells Fargo Bank branch in Port Chester, New York, "due to a wet, slippery, and/or otherwise defective condition at the aforesaid premises." Compl. (Dkt. 1-2) ¶ 30. On October 25, 2023, plaintiff sued "Village Savings Bank Wacovia Bank Wells Fargo" (Wells Fargo Bank) in the Supreme Court of the State of New York, Bronx County, seeking damages for her injuries sustained in the accident, on the theory that it negligently "owned, managed, operated, maintained, controlled, supervised, inspected, repaired, designed, renovated, and constructed the aforesaid premises[.]" *Id*. ¶ 33. On March 22, 2024, Wells Fargo Bank removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1332 (diversity jurisdiction). (Dkt. 1.)

After removal, plaintiff amended her complaint three times. As relevant here, she filed her Second Amended Complaint (Dkt. 49) on March 13, 2025, naming as defendants Wells Fargo Bank; its corporate parent Wells Fargo & Company; and three entities that allegedly performed

defective maintenance work at the subject premises prior to plaintiff's accident: Servpro Commercial LLC (Servpro), Antim Restoration Inc. (Antim), and Mitnor Corporation (Mitnor). The Wells Fargo defendants responded on March 27, 2025, with a motion to dismiss and for sanctions. (Dkt. 59.) On April 2, 2025 the Hon. Jennifer Rearden, United States District Judge – to whom this action was then assigned – ruled that plaintiff was entitled to amend her complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B), and directed her to file any further amended pleading by April 17, 2025. (Dkt. 60.) On that date, plaintiff filed her Third Amended Complaint (TAC) (Dkt. 61), omitting the Wells Fargo defendants but adding, as defendants. two additional entities that allegedly performed defective maintenance work at the subject premises prior to plaintiff's accident: CBRE Inc. (CBRE) and Melwood Contracting Corp. (Melwood). Like its predecessors, the TAC alleges that defendants are liable to plaintiff, under state law, for negligence. *See* TAC ¶¶ 86-89.[1]

Plaintiff is a resident of the Bronx, New York, TAC ¶ 1, and thus a citizen of New York for diversity purposes. In the TAC, defendant Melwood is confusingly alleged to be "a domestic business corporation, incorporated in the State of Connecticut, County of Fairfield, organized and existing under the laws of the State of New York." *Id*. ¶ 13. On June 5, 2025, Melwood filed a Rule 7.1 Statement (Dkt. 80) representing that it is a New York corporation with its principal place of business in Connecticut.[2] This makes Melwood a citizen of both New York and Connecticut for diversity purposes. *See* 18 U.S.C. § 1332(c)(1).

---

[1] On September 19, 2025, plaintiff voluntarily dismissed her claims against Mitnor (Dkt. 130), and on September 22, 2025, she dismissed her claims against Antim. (Dkt. 131.) The remaining defendants are Servpro, CBRE, and Melwood.

[2] The New York Department of State, Division of Corporations, agrees, listing Melwood on its website, https://apps.dos.ny.gov/publicInquiry/, as a "domestic" business corporation with an address in Fairfield, Connecticut.

On November 24, 2025, plaintiff filed the instant letter-motion, seeking to remand this action to state court pursuant to 28 U.S.C. § 1447(c). Plaintiff argues that the joinder of Melwood as a defendant destroyed diversity and thus that this Court now lacks subject matter jurisdiction over the case. Pl. Mot. at 2. On December 3, 2025, during a conference in open court, Melwood agreed with this analysis, as did its two co-defendants, Servpro and CBRE.[3] No party has suggested that plaintiff joined Melwood fraudulently for the purpose of destroying diversity jurisdiction.

I agree that this case should be remanded to state court. However, for the reasons explained below, I consider the question not only under 28 U.S.C. § 1447(c) – as requested by plaintiff – but also under 28 U.S.C. § 1447(e).

### Legal Standards

Prior to 1988, § 1447(c) "mandated remand '[i]f at any time before final judgment it appear[ed] that the case was removed improvidently and without jurisdiction.'" *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231 (2007) (quoting 28 U.S.C. § 1447(c) (1982 ed.)). "That version, obviously, authorized remand only for cases that were *removed* improperly." *Id*. In 1988, Congress amended § 1447(c), eliminating the requirement that the case have been "removed improvidently and without jurisdiction." *See* Pub. L. No. 100-702, Title X, § 1016(c), 102 Stat. 4670 (1988). At present, the statute requires remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). On its face, therefore, § 1447(c) appears to require remand where – as here – the case was properly removed

---

[3] Defendant CBRE asserts, in its Rule 7.1 Statement, that it is a "foreign business corporation duly organized in the State of Delaware with its . . . principal place of business located in Dallas, Texas." (Dkt. 84.) Defendant Servpro states that it is "a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business situated in Gallatin, Tennessee." (Dkt. 31.) However, Servpro does not disclose the identity or citizenship of its members, as required when the filing party is an LLC. *See* Fed. R. Civ. P. 7.1(a)(2). Since an LLC "takes the citizenship of each of its members,"*Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012), it is possible that Servpro is also nondiverse.

at the outset, but plaintiff thereafter amended her pleading, as of right, to join a nondiverse defendant. *See Powerex Corp.*, 551 U.S. at 231 (rejecting the view that the post-amendment version of § 1447(c) should still be "construed to cover only cases in which *removal* was jurisdictionally improper at the outset.").

As a part of the same 1988 amendment, Congress added § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.§ 1447(e). On its face, § 1447(e) appears to apply only where the plaintiff "seeks to join" nondiverse defendants, not where – as here – it has already done so, with the District Judge's blessing, pursuant to Rule 15(a)(1). However, "the majority of federal courts, including those in this District, that have addressed this issue have concluded that Section 1447(e) governs post-removal joinder of non-diverse defendants even when a complaint is amended as of right under Rule 15." *Isaly v. Bos. Globe Media Partners, LLC*, 650 F. Supp. 3d 106, 112 (S.D.N.Y. 2023), *aff'd,* 2023 WL 6439901 (2d Cir. Oct. 3, 2023); *see also*, *e.g*., *Pu v. Russell Publ'g Grp., Ltd*., 2015 WL 13344079, at *3 (S.D.N.Y. Dec. 29, 2015) ("[T]he discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)(1)(A).") (quoting *McGee v. State Farm Mut. Auto. Ins. Co*., 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009)). "These courts have reasoned, *inter alia*, that a plaintiff using Rule 15(a)(1) nonetheless 'seeks' to accomplish a result inconsistent with a defendant's right to remove, and that section 1447(e)'s removal-specific provision for judicial review prevails over the earlier, general amendment provisions of Rule 15(a)(1)[.]" *Isaly*, 650 F. Supp. 3d at 112.

4

**Analysis**

Because the Second Circuit "has not provided direct guidance on this issue," *Isaly*, 650 F. Supp. 3d at 112, I consider plaintiff's remand request pursuant to both potentially applicable subsections of 28 U.S.C. § 1447. Under § 1447(c), remand is required, because it now appears – and all parties agree – that "the district court lacks subject matter jurisdiction" due to the joinder of at least one nondiverse defendant. *See Graves v. Home Depot U.S.A., Inc.*, 2013 WL 3055348, at *1 (S.D.N.Y. May 24, 2013) (recommending remand under § 1447(c) because "Plaintiff's joinder of an additional defendant, also a New York citizen, has destroyed complete diversity between the opposing parties"), *adopted,* 2013 WL 3017139 (S.D.N.Y. June 10, 2013).

Under § 1447(e), a district court has discretion to permit the joinder of the nondiverse defendant – and remand the case to state court – or to deny joinder and thereby preserve its jurisdiction. *See Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (whether to permit joinder of a party that will destroy diversity jurisdiction remains "within the sound discretion of the trial court."). In exercising that discretion, a district court first determines whether the nondiverse party was properly joined under Fed. R. Civ. P. 20. *Isaly*, 650 F. Supp. 3d at 114; *Duino v. CEM W. Vill., Inc.*, 2020 WL 3249214, at *2. New defendants may be properly joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). That standard is easily met here. Plaintiff alleges that Melwood – like its co-defendants – is liable for the injuries sustained in her slip-and-fall accident because, *inter alia*, it "maintained," "inspected," and "repaired" the premises where the accident occurred, TAC ¶¶ 76, 79, 80, and had a duty to maintain the premises "in a reasonably safe and suitable condition," *id*.

¶ 84, but failed to do so, causing plaintiff to slip and fall due to a "wet, slippery, and/or otherwise defective condition" at her workplace. *Id*. ¶¶ 86-88.

Next, the court considers "whether joinder and remand under Section 1447(e) would comport with principles of fundamental fairness." *Pu*, 2015 WL 13344079, at *4 (quoting *Hosein v. CDL W. 45th St., LLC*, 2013 WL 4780051, at *4 (S.D.N.Y. June 12, 2013)). "District courts in this Circuit . . . permit a joinder which destroys diversity only when consistent with principles of fundamental fairness as appraised using the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). Here, all of the relevant factors point towards permitting joinder and remanding the case.

As to the first factor, plaintiff filed the TAC, adding Melwood as a defendant, within days after learning (through discovery) that Melwood was one of the maintenance companies that "performed work in the basement" of plaintiff's workplace, where the accident occurred, during the months prior to that accident. Pl. 4/17/25 Ltr. (Dkt. 62) at 1. Even though this was more than a year after the case was removed, I cannot conclude, under the circumstances, that the delay was "inordinate." *Leifer*, 2020 WL 1130727, at *5 (finding no "inordinate delay" as to newly joined defendant Yeung where plaintiff "sought leave to amend within two weeks of learning of Yeung's identity[.]").

As to the second factor, Melwood has not identified any particular prejudice that would flow from permitting it to be joined and remanding the case to state court. Nor could it, since it has answered the TAC (*see* Dkt. 81) and has no motions pending. *Cf. Isaly*, 650 F. Supp. 3d at 115 (where the nondiverse defendant had a motion to dismiss pending, which "might need to be

6

re-briefed" in state court, joinder and remand "would potentially result in the inefficient use of both party and judicial resources."). "[D]ismissal of the non-diverse parties," on the other hand, would "create a risk of multiple litigations," *Pu*, 2015 WL 13344079, at *5, because plaintiff could pursue them in state court while continuing to litigate against the diverse defendants in this Court. The third factor therefore also weighs in favor of plaintiff's request.

As to the fourth factor, the Court has no reason to doubt plaintiff's representation that it added Melwood as a defendant in the TAC because Melwood performed maintenance at the premises where the accident occurred, *see* Pl. 4/17/25 Ltr. at 1-2, not for the purpose of destroying diversity jurisdiction. The fact that plaintiff did not seek remand until some months later (when its counsel reviewed defendants' Rule 7.1 Statements with an eye towards amending the complaint once again, *see* Pl. Mot. at 2), adds credence to this account. All four "fundamental fairness" factors therefore weigh in favor of permitting the joinder and remanding the case, as does the fact that all three defendants have agreed to this result. *See Mensah v. World Truck Corp.*, 210 F. Supp. 2d 320, 322 (S.D.N.Y. 2002) (remanding where "both parties support remand to state court, a point which cannot be stressed enough.").

### Conclusion

Because both subsection (c) and subsection (e) of 28 U.S.C. § 1447 point to the same result, plaintiff's remand motion (Dkt. 144) is GRANTED. The Clerk of Court is respectfully directed to TERMINATE all pending motions and REMAND this case to the Supreme Court of the State of New York, Bronx County.

Dated: New York, New York  
       December 5, 2025

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

7